# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | NO. 3:21-cr-00108 |
| | ) | |
| DAVID HALEY | ) | JUDGE CAMPBELL |

## MEMORANDUM AND ORDER

Before the Court are documents submitted by Defendant David Haley which he described, and the Court construed, as a motion to dismiss the indictment in this case for lack of jurisdiction. (Doc. No. 64). The Government filed a response in opposition. (Doc. No. 65). Mr. Haley was given the opportunity to a file a reply by close of business on November 15, 2022, and did not do so.

Mr. Haley argues that he is not subject to the jurisdiction of this Court because he is not a citizen of the United States and because no valid contract between himself as a living man and the United States of America exists. Through the documents presented to the Court, he purports that he has established himself as an entity under the laws of the State of Tennessee, legally protected his name under those same laws, renounced citizenship from the United States of America, and declared himself immune from the laws of the United States of America as a foreign sovereign. For these reasons, Mr. Haley contends that the Court lacks jurisdiction over him and seeks to make a special appearance for the purpose of contesting jurisdiction.

Mr. Haley is charged in an indictment in the Middle District with four counts of filing false tax returns in violation of 26 U.S.C. § 7206. Federal courts have subject matter jurisdiction over criminal prosecutions pursuant to federal law under "18 U.S.C. § 3231, which grants '[t]he district courts of the United States…original jurisdiction…of all offenses against the laws of the United States." *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004). Defendant's argument

that he is not subject to those laws is unavailing. The Court has personal jurisdiction over criminal defendants brought before it. Notwithstanding Mr. Haley's assertions to the contrary, he is indeed before the Court and subject to personal jurisdiction here.[1] *See United States v Pryor*, 842 F.3d 441, 448 (6th Cir. 2016) (rejecting a defendant's argument that the district court lacked personal jurisdiction over him and that he was only making a special appearance before the court). Having considered the foregoing, the Court is assured of its jurisdiction in this case.

Mr. Haley's arguments regarding an improperly formed contract between himself and the United States fare no better. Neither Tennessee contract law nor the civil laws cited tangentially by Mr. Haley are applicable in this criminal case. Additionally, courts in this district have consistently rejected arguments such as those presented here, which are common to state nationals, sovereign citizens, and other individuals espousing similar beliefs regarding the legitimacy and authority of the United States Government. This Court likewise finds that these arguments are frivolous and without legal support. *See United States v. Mundt,* 29 F.3d 233, 237 (6th Cir. 1994) (rejecting defendant's argument that the court "lacked jurisdiction over him because he was a resident of Michigan and not any 'federal zone'" as "completely without merit and patently frivolous"); *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases); United States v. Amir, 644 F. App'x 398, 399 (6th Cir. 2016) (declining to consider defendant's arguments "that he is not a citizen of the United States, but a citizen of the 'Republic of Ohio,' to whom our federal courts' jurisdiction does not apply") *United States v. Lavigne*, No. 21-20355, 2022 WL 2276331, at *3 (E.D. Mich. June 23, 2022) (collecting cases).

---

[1] The Court notes that Mr. Haley made his initial appearance on February 12, 2021, appeared for status conferences on July 30, 2021 and March 7, 2022, and appeared for a pretrial conference on November 7, 2022. Mr. Haley did not purport to make a special appearance or contest the jurisdiction of the court on any of these occasions. He raised this argument for the first time on the morning of his trial.

Accordingly, Defendant's motion to dismiss the indictment is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE